RECEIPT # _____
AMOUNT $ _____
SUMMONS ISS. _____
LOCAL RULE 4.1 _____
WAIVER OF ___ ___ _____
MF ISSUED _____
129 OR 12 _____
TY CLK _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HISAYO MURAKAMI, A 78-382-238 and CHRISTOPHER KYRIAKIDES, <br><br> Plaintiffs, <br><br> v. <br><br> ALBERTO GONZALES, as Attorney General of the United States; MICHAEL CHERTOFF as the Secretary of the Department of Homeland Security; EDUARDO AGUIRRE, JR. as Director of United States Citizenship and Immigration Services; DENNIS RIORDAN as District Director of the United States Citizenship and Immigration Services in Boston, Massachusetts; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> 05 - 10718 DPW <br><br> MAGISTRATE JUDGE _____ |

PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF
IN THE NATURE OF MANDAMUS
AND FOR OTHER INJUNCTIVE RELIEF

INTRODUCTION

1.      This action is brought by the Plaintiffs, a married couple, to compel the

Defendants to adjudicate the application by Plaintiffs for the removal of the condition on

Mrs. Murakami's residence. The application has been on file with the Defendants since

January 23, 2003, and Defendants have refused to adjudicate the case.

1

## PARTIES

5.  Plaintiff Hisayo Murakami is a native and citizen of Japan. She became a Conditional Resident of the United States during April 2001, based on her marriage to Christopher Kyriakides, a U.S. Citizen.

6.  Christopher Kyriakides is a U.S. Citizen. During May 1999, he married Mrs. Murakami. He petitioned for, and obtained, conditional residence for his wife.

7.  Defendant Alberto Gonzales is Attorney General of the United States, and is charged with supervisory authority of the Department of Justice, and has the authority on questions of law in relation to the Immigration and Nationality Act 8 USC §1103(a)(1) & (g).

8.  Defendant, Michael Chertoff is the Secretary of the Department of Homeland Security and charged under 8 USC §1103(a) with supervising, implementing, and enforcing the Immigration and Nationality Act.

9.  Defendant Eduardo Aguirre, Jr. is the Director of United States Citizenship and Immigration Services, and charged under, 8 USC §1103(c), with the implementation of benefits under the Immigration and Nationality Act.

10. Defendant Dennis Riordan is the District Director of the United Statues Citizenship and Immigration Services in Boston, Massachusetts charged with the

authority over implementation of benefits under the Immigration and Nationality Act in the Boston District Office. The Hartford, Connecticut office is a sub-office of the Boston, Massachusetts office.

11.   Defendant, the United States Department of Homeland Security, is a Federal agency of the United States government that is mandated under, 8 USC §1103(a) to supervise, implement, and enforce the Immigration and Nationality Act, including Applications for Change of Status and Applications for Employment Authorization.

12.   Defendant United States Citizenship and Immigration Services (hereinafter, "USCIS") is an agency involved in the acts challenged in this action, and is a subordinate agency within the Defendant United States Department of Homeland Security.

## FACTUAL ALLEGATIONS

13.   Plaintiffs are a married couple who have already navigated their way through much of the immigration process to obtain resident status for Mrs. Murakami. The couple was married on May 10, 1999. Shortly after their marriage, Mr. Kyriakides petitioned for his wife's permanent residence. Mrs. Murakami was granted Conditional Resident status in April 2001.

14.   As required by 8 CFR §216.4, in a timely manner, the couple applied to remove the condition on residence on January 23, 2003 by submitting an I-751 Petition to Remove Conditions on Residence to the Vermont Service Center.

15. In accordance with, and pursuant to, the regulations governing 8 USC § 216.5, et seq., Plaintiffs paid the fees necessary to file their application.

16. The USCIS duly accepted the fee paid by Plaintiffs.

17. Plaintiff submitted to the USCIS all documentation required by regulation and by statute to be submitted as part of the application procedure.

18. On January 28, 2003, the Service Center confirmed receipt of the application (Exhibit "A").

19. 8 CFR §216.4(c) states that the USCIS *shall* adjudicate the petition within 90 days of the date of the interview, unless the interview is waived.

20. The couple patiently waited for over a year before they sought an explanation for the delay in their case. During October 2004, the couple began to inquire into the status of their pending application by calling the USCIS Customer Service Number.

21. The couple was told that they would have to call the Customer Service Number at least four times, waiting at least 30 days between phone calls. On the fourth phone call, if no action had been taken, the caller would be transferred to a USCIS officer who would then be able to give them some information about their case. The couple and their attorney called at least eight times before the agents answering the telephone acknowledged, based on call logs, that four phone calls had been made. During the final

call, the couple's attorney was transferred to a USCIS officer who was not able to offer any assistance, or provide any more information than was already apparent.

22. Plaintiffs submitted to the USCIS documentation sufficient to enable the USCIS to process their application, and adjudicate said application.

23. To date, the USCIS has failed and refused to act on the Plaintiffs' I-751 Petition to Remove Conditions on Residence.

24. Plaintiffs' I-751 application has now remained unadjudicated for over two year.

25. The failure to conduct reasonably timely processing and adjudication of the applications is due to a national policy of delaying all such applications. The subject delays are not caused by any factors unique to this plaintiff.

26. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to, adjudicate Plaintiffs application. Defendants' refusal to act has deprived Plaintiffs of the right to a decision regarding Mrs. Murakami's status, and the peace of mind to which Plaintiffs are entitled.

27. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., are unlawfully withholding or unreasonably delaying action on Plaintiffs' application and have failed to carry out the adjudicative functions delegated to them by

law with regard to Plaintiffs' case.

28. Despite the clear mandate of 5 USC Section 551 et seq., and 8 CFR §216.4(c), requiring the USCIS to process the applications, and adjudicate the applications within a reasonable time, the USCIS has failed and/or refused to do so.

29. Defendant USCIS's duty to process Plaintiff's applications, and adjudicate said applications "within a reasonable time" is a non-discretionary duty mandated by federal law.

30. Defendant USCIS's conduct in failing to process Plaintiffs' applications, and adjudicate said applications in a reasonably timely manner have caused unnecessary and injurious delays to Plaintiff, in violation of his rights as alleged herein.

31. Plaintiff has exhausted all administrative remedies available and has determined that no adequate remedy exists.

## STATUTORY AND REGULATORY FRAMEWORK

32. Pursuant to 8 CFR §216.4: Joint petition to remove conditional basis of lawful permanent resident status for alien spouse;

> (a) Filing the petition -- (1) General procedures. Within the 90-day period immediately preceding the second anniversary of the date on which the alien obtained permanent residence, the alien and the alien's spouse who filed the original immigrant visa petition or fiance/fiancee petition through

7

which the alien obtained permanent residence must file a Petition to Remove the Conditions on Residence (Form I-751) with the Service. The petition shall be filed within this time period regardless of the amount of physical presence which the alien has accumulated in the United States. Before Form I-751 may be considered as properly filed, it must be accompanied by the fee required under § 103.7(b) of this chapter and by documentation as described in paragraph (a)(5) of this section, and it must be properly signed by the alien and the alien's spouse. If the joint petition cannot be filed due to the termination of the marriage through annulment, divorce, or the death of the petitioning spouse, or if the petitioning spouse refuses to join in the filing of the petition, the conditional permanent resident may apply for a waiver of the requirement to file the joint petition in accordance with the provisions of § 216.5 of this part. Upon receipt of a properly filed Form I-751, the alien's conditional permanent resident status shall be extended automatically, if necessary, until such time as the director has adjudicated the petition.

33.    Under the same title, 8 USC § 216.4(c):

(c) Adjudication of petition. The director shall adjudicate the petition within 90 days of the date of the interview, unless the interview is waived in accordance with paragraph (b)(1) of this section.

## EXHAUSTION OF REMEDIES

34.    Plaintiffs have exhausted their administrative remedies. Plaintiffs have made numerous inquiries in an attempt to secure adjudication of their application, all to no avail. Accordingly, Plaintiffs have been forced to retain the services of an attorney to pursue the instant action.

## CLAIM FOR RELIEF

35.    Plaintiffs realleges paragraphs 1 through 34 as if fully set forth herein. Plaintiffs

are entitled to an order in the nature of mandamus to compel Defendants to promulgate the regulations, to process Plaintiffs' application, and, to adjudicate Plaintiffs' Petition to Remove Conditions on Residence in a reasonably timely manner.

36. Plaintiffs are entitled to injunctive relief to prevent the USCIS from engaging in a willful failure to process Plaintiffs' application, and to require the USCIS to adjudicate their application in a reasonably timely manner.

37. Defendants willfully, and unreasonably, delayed and refused to adjudicate Plaintiffs' Petition to Remove Conditions on Residence, thereby depriving Plaintiffs of the ability to have peace of mind as to Mrs. Murakami's status, to which Plaintiffs are entitled under federal law.

38. Defendants owe Plaintiffs the duty to act upon their application, and have unreasonably failed to perform that duty. Plaintiffs has provided all relevant information and facts on their case.

39. Compelling factors genuinely exist in the Plaintiffs' case, as they has been deprived of the right to feel secure in Mrs. Murakami's status in the United States, a benefit to which she has proven eligibility.

40. Plaintiffs have exhausted any administrative remedies that may exist. No other remedy exists for Plaintiffs to resolve Defendant's delay.

41. Plaintiffs are eligible for payment of attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act, 28 USC Section 2412.

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully requests that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a) requiring Defendants to adjudicate Plaintiffs' Petition to Remove Conditions on Residence;

(b) awarding Plaintiff reasonable attorney's fees; and

(c) granting such other relief at law and in equity as justice may require.

Respectfully submitted,
Plaintiffs,
**HISAYO MURAKAMI, and**
**CHRISTOPHER KYRIAKIDES,**
By their attorney,

_____
Shiva Karimi, Esq.
**KARIMI & HOMSY, P.C.**
268 Summer Street
Boston, Massachusetts 02210-1108
Tel: (617) 292-3636
Fax: (617) 292-0019
BBO No. 642332
Dated: April 11, 2005

## LIST OF ATTACHMENTS

*Exhibit*        *Description*

A                I-797 Receipt Notice for I-751 Application to Remove Conditional Residential Status

# EXHIBIT "A"

Immigration and Naturalization Service · Notice of Action

| Notice of Action | RECEIPT NUMBER<br>EAC-03-119-00085 | NOTICE DATE<br>January 28, 2003 | PAGE<br>1 of 1 |
|---|---|---|---|
| CASE TYPE<br>I751 Application to remove conditional residential status | | | RECEIPT DATE<br>January 23, 2003 |
| PETITIONER<br>HISAYO   MURAKAMI | | | FILE NUMBER<br>A 78382238 |
| BENEFICIARY | | | FILE NUMBER |

Receipt Notice

H. MURAKAMI

10 SCOTTFIELD RD 13
ALLSTON          MA 02134

RECEIVED    $145.00  IN THE FORM OF
A   MONEY ORDER        AND

*********** The above receipt number MUST accompany all inquiries! ***********

        RECEIVED    $145.00 IN THE FORM OF MONEY ORDER       AND
   FROM:    HISAYO   MURAKAMI

Your alien card is extended 1 year-employment & travel authorized.  Processing
Your form will require a minimum of 30 days.  If you have not heard from us within
12 months, then may contact this office.

You will be notified separately about other applications or petitions you file.
Please save this notice for your records.
Please enclose a copy of it if you have to write to us about this case,
or if you file another application based on this decision.
If you have any questions concerning your case, please call at: (802)-527-4913
Our address is:
                    Vermont Service Center
                    75 Lower Welden St.
                    St. Albans, VT 05479-0001

Form I-751 (93)

Form I-797C (Rev. 09/07/93) N

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Hisayo Murakami and Christopher Kyriakides

## DEFENDANTS
Alberto Gonzales, as attorney general, et al.

**(b)** County of Residence of First Listed Plaintiff: Hartford County, CT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Suffolk County, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Shiva Karimi, Esq., Karimi & Homsy, PC
68 Summer Street, Lower Level, Boston, MA 02210-1108

Attorneys (If Known)
U.S. Attorney, U.S. Attorney General, and District Counsel for U.S. Department of Homeland Security

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☒ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §1361, 28 USC §1331, 28 USC §2201, 5 USC §702, 8 USC §1329, 5 USC §504, 28 USC §2412
Brief description of cause:
Action to compel US Government to adjudicate Plaintiff's immigration applications

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 04/11/2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Hisayo Murakami, et al. v. Alberto Gonzales, et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Shiva Karimi, Esq., Karimi & Homsy, PC__
ADDRESS __268 Summer Street, Boston, Massachusetts 02210-1108__
TELEPHONE NO. __617 292-3636      Fax: 617 292-0019__

(CategoryForm.wpd - 2/15/05)